# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY ALLEN JOHNSON, JR.** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   No.: 18-cv-2042-JBM |
| | ) |
| **COLE ANDERSON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging violations of the Eighth and Fourteenth Amendments at the Danville Correctional Center ("Danville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that on January 9, 2018, Defendant Officers Anderson and Fox assaulted him, without cause, violently slamming him against a wall, strangling and punching him. Plaintiff claims that he feared that his shoulder was dislocated and submitted to an x-ray, but does not disclose the x-ray results. Plaintiff makes the vague claim that Defendant Officer Ms. Martin, refused to "stop what was going on…", but does not claim that she was present at the

scene or had an opportunity to intervene. Plaintiff asserts that he was placed in a segregation cell at a later date, and that for three days Defendant Het refused to give him bed or blanket, and he was forced to sleep on the floor.

Here, Plaintiff has alleged the unconstitutional use of force by Defendant Officers Anderson and Fox. When reviewing claims of excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Here, Plaintiff states a colorable claim that Defendants Anderson and Fox exerted unjustifiable force against him.

Plaintiff's allegations as to Defendant Martin, however, are too vague. While a prison official may be liable for failing to intervene when excessive force is exerted by another, this is so only if the official had a realistic opportunity to do so. "The Seventh Circuit has recognized that where an officer has a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right but fails to do so, he may be held liable." *Bey v. Pollard*, 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014) (internal citations omitted). Here Plaintiff does not plead that Defendant Martin witnessed the occurrence or had a realistic opportunity to intervene. This claim is DISMISSED, with leave to replead.

Plaintiff's claim that Defendant Het caused him to sleep three days on the floor without a bed or blanket fails to state a claim of inhumane conditions of confinement claim. To plead a constitution violation, the conditions of confinement must be "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Conditions which are restrictive and even

harsh, are part of the penalty that offenders pay. Furthermore, to be actionable, a Defendant must know of "a substantial risk of serious harm and disregard[s] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). *See Dixon v. Godinez,* 114 F.3d 640, 644 (7th Cir. 1997) (court to examine not just the severity, but the duration of the complained-of conditions). Here, the Court does not find that three days on the floor sufficient to violate the Constitution. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)(ten days in a segregation unit without toilet paper, toothbrush or toothpaste in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment).

Plaintiff makes the additional claim that immediately after the altercation, Defendant Maskel placed him in segregation without a disciplinary hearing, or providing notice of the charges against him. It appears likely, however, that Plaintiff was placed in administrative segregation, pending the investigation of the charges. It has been determined that "the mere fact of placement in administrative segregation is not in itself enough to implicate a liberty interest; the liberty interest only exists if that placement is an 'atypical and significant hardship' relative to others similarly sentenced." *Lieberman v. Budz*, No. 03-2009, 2009 WL 1437609, at *10 (N.D. Ill. May 20, 2009) (internal citations omitted). Here, the Court has already determined that the conditions were not atypical and so did not trigger a liberty interest. Plaintiff's due process claim DISMISSED though he will be given an opportunity to replead in the event that he is claiming placement in disciplinary segregation without due process. If Plaintiff asserts this claim he is to indicate whether he was ever formally charged, whether the charges went to hearing, and the finding at the hearing.

This case shall proceed on the excessive force claim against Defendants Anderson and Fox. The due process and failure to intervene claims are DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force claim against Defendants Anderson and Fox. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Martin, Maskel and Het are DISMISSED, though Plaintiff will be given an opportunity to replead the claims against Defendants Martin and Maskel. If Plaintiff does so, he is to identify the pleading as an amended complaint. It must stand complete on its own without reference to a prior pleading, asserting all claims against all Defendants.

2. The Clerk is directed to send Defendants, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon Defendants, if served, but not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for Defendants, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

  5/23/2018                                       s/ Joe Billy McDade
ENTERED                                             JOE BILLY McDADE
                                                    UNITED STATES DISTRICT JUDGE